IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:12-cv-01126-MSK-KMT

LEANNE SLOAN,

Plaintiff,

v.

AMERISTAR CASINOS, INC., and AMERISTAR CASINO BLACK HAWK, INC.,

Defendants.

---

**DEFENDANTS' MOTION FOR LEAVE TO TAKE A PRELIMINARY DEPOSITION OF PLAINTIFF LIMITED TO FLSA COLLECTIVE ACTION ISSUES AND RULE 7.1 CERTIFICATION**

---

Defendants Ameristar Casinos, Inc. and Ameristar Casino Black Hawk, Inc., ("Defendants") move this Honorable Court for entry of an order granting leave to take Plaintiff's deposition in two stages, first on FLSA class certification issues and a second time when Defendants have enough discovery to take her deposition on her individual claims.

1. This case presents both individual claims and alleged FLSA collective action claims. *See* Scheduling Order, Claims and Defenses (Doc. # 22, pp. 2-10.)  Since the Scheduling Order was entered, Plaintiff has added further individual claims for sex discrimination, age discrimination, retaliation, and FMLA claims. *See* Unopposed Motion to Amend Complaint, filed on September 5, 2012 (Doc. # 24).

2.      The Scheduling Order at Section 8(b) provides that Defendants are allowed 9.5 hours of actual deposition time to take Plaintiff's deposition.  (Doc. # 22, p. 13.)  While the Scheduling Order does not address how the time will be divided, the amount of time obviously contemplates that the deposition of the Plaintiff will not be done in a single sitting.  Defendants need to take the deposition in two stages:  (1) a two-hour deposition in October limited to FLSA collective action issues, including whether Plaintiff is "similarly situated" to putative collective action members; and (2) a second deposition to be taken later on Plaintiff's individual claims after Defendants can obtain needed written discovery on Plaintiff's recently added claims in her Amended Complaint (Doc. # 31), which has yet to be answered.

3.      The timing of the two-stage deposition is based on the fact that Section 9(a) of the Scheduling Order provides for Plaintiff to file a motion for preliminary collective certification on or before October 12, 2012 and the opt-in deadline for the proposed collective action is February 1, 2013.  (Doc. # 22, p. 14.)  The discovery cut-off deadline, however, is not until July 1, 2013.  (*Id.*)

4.      Plaintiff objects and insists that Defendants are allowed only a single deposition to be taken on consecutive days, expressing the concern of a "piecemeal" deposition taken at multiple times.  Defendants have assured Plaintiff that this is not their intent.  Rather, Defendants simply need to take an earlier deposition to obtain needed discovery on Plaintiff's FLSA collective action allegations and then schedule a later deposition on Plaintiff's individual claims, to be taken in one day if time permits or on consecutive days if necessary.

5.      While there is plenty of time to obtain discovery and depose Plaintiff on her individual claims, this is not the case with the FLSA collective action issues, which will be

before the Court starting in October. In this regard, Plaintiff has announced her intent to promptly proceed with discovery on collective issues by contacting putative collective action members and presumably seeking individual declarations to support preliminary collective action certification in October. See Defendants' Motion for Hearing or Discovery Scheduling Conference, filed on September 11, 2012 (Doc. # 28).

6. By asserting collective action allegations and claiming to be a "similarly situated" collective action representative, Plaintiff may fairly be required to provide timely and meaningful discovery with respect to those allegations. See *Whittington v. Taco Bell*, Civ. Act. No. 10-dv-01884, 2012 LEXIS 123116, *9-17 (D. Colo. Aug 27, 2012) (discussing heightened discovery burden that party undertakes when it chooses to bring a collective action). *See also*, *Acevdeo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550-56 (N. D. Ill. 2008 (controlling and limiting scope of discovery prior to certification of FLSA collective action); *Geer v. Challenge Fin. Investors Corp.*, Case No. 05-1109, 2007 U.S. Dist. LEXIS 33499, *9-17 (D. Kan. May 4, 2007) (discussing court's discretion to control discovery in context of FLSA collective action).

7. This Court has broad discretion over the control and timing of discovery and may "tailor discovery to the circumstances of the case at hand . . . ." *Rocha v. Twilleger*, Civ. Act. No. 10-cv-00357, 2011 U.S. Dist. LEXIS 102223, *6 n.1 (D. Colo. Sept 12, 2011); *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987) ("The trial court has great discretion in establishing the time and place of a deposition.").

8. The Court should exercise its discretion in favor of granting a separate deposition on the collective action issues. It seems like only a small burden on the Plaintiff and Defendants need the discovery, which is consistent with the intent of the discovery rules, which are to

liberally construed. *See Rocky Mt. Natural Gas Co. v. Cooper Indus., Inc.*, 166 F.R.D. 481, 483 (D. Colo. 1996).

9. Pursuant to Local Rule 7.1, Defendants' counsel has had numerous discussions with Plaintiff's counsel to try and resolve this issue without the intervention of this Court, most recently in email exchanges on September 9 and 10, 2012. Plaintiff takes the position that Defendants proceed with a two-hour deposition at their own risk and will be required to seek leave of Court before attempting to depose Plaintiff later on her individual claims. Defendants need the issue to be resolved before then so they can plan accordingly and not be at risk of being deprived of a deposition later on Plaintiff's individual claims.

10. Defendants are in the process of scheduling the proposed two-hour deposition on the collective action issues in October and have proposed several dates consistent with the briefing schedule on this Motion and to allow time for the issue to be decided by this Court before the actual deposition.

WHEREFORE, Defendants request entry of the attached order granting leave to take a preliminary deposition of Plaintiff limited to FLSA collective action issues and allowing Defendants to depose Plaintiff later on her individual claims.

Respectfully submitted this 12th day of September, 2012.

*s/ K. Preston Oade, Jr.*
K. Preston Oade, Jr. (#14483)
Stephen D. Rynerson (#34825)
BRYAN CAVE HRO
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203-4541
Telephone: (303) 861-7000

|  |  |
|---|---|
| Facsimile: | (303) 866-0200 |
| Email: | preston.oade@bryancave.com |
|  | stephen.rynerson@bryancave.com |

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

  I hereby certify that on September 12, 2012 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Theresa L. Corrada | David B. Seserman |
| Juli E. Lapin | Chad M. Lieberman |
| Lapin │ Lapin, P.C. | Brosseau Bartlett Seserman, LLC |
| 1775 Sherman Street, Suite 1445 | 6455 S. Yosemite Street, Suite 750 |
| Denver, Co  80203 | Greenwood Village, CO  80111 |
| tcorrada@lawlapin.com | dseserman@bbs-legal.com |
| juli@lawlapin.com | clieberman@bbs-legal.com |

           *s/ K. Preston Oade, Jr.*
           K. Preston Oade, Jr. (#14483)
           BRYAN CAVE HRO
           1700 Lincoln Street, Suite 4100
           Denver, Colorado  80203-4541
           Telephone: (303) 861-7000
           Facsimile: (303) 866-0200

           ATTORNEYS FOR DEFENDANTS