IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01126–MSK–KMT

LEANNE SLOAN, individually and on behalf of others similarly situated,

    Plaintiff,

v.

AMERISTAR CASINOS, INC., and
AMERISTAR CASINO BLACK HAWK, INC.,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Motion for Leave to Take a Preliminary Deposition of Plaintiff Limited to FLSA Collective Action Issues." (Doc. No. 33, filed Sept. 12, 2012.) Plaintiff filed a response on September 20, 2012 (Doc. No. 37) and Defendants filed their reply on October 1, 2012 (Doc. No. 40). Accordingly, this matter is ripe for the court's review and ruling.

In their Motion, Defendants seek to take Plaintiff's deposition in two stages—first, a two-hour deposition limited to Fair Labor Standards Act (FLSA) collective action issues, and then a second deposition to be taken at a later date relating to Plaintiff's individual claims under Title VII, the Age Discrimination in Employment Act (ADEA), the Family Medical Leave Act (FMLA), and for retaliation under the FLSA. Plaintiff argues that this two-stage deposition

would alter the requirements of Fed. R. Civ. P. 30(d)(1) and that is not necessary for Defendants to take a "preliminary" deposition of Plaintiff on the FLSA collective action issues.

The court agrees that it may be *unnecessary* for Defendants to take a "preliminary" deposition of Plaintiff on FLSA collective actions issues. After all, to evaluate whether Plaintiff and other putative class members are "similarly situated" for conditional certification purposes requires "nothing more than substantial *allegations* that the putative class members were the victim of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1102-03 (10th Cir. 2001) (citation omitted, emphasis added). However, the court sees no reason why Defendants should not be *permitted* to follow this course of action, if they so chose. Notably, Defendants do not seeks to obtain discovery from putative class members prior to conditional certification. *See Hammond v. Lowe's Home Ctrs., Inc.,* 216 F.R.D. 666, 673 (D. Kan. 2003) (noting that "[a] few courts have required that a conditional class be certified prior to permitting discovery of *putative class members*.") (emphasis added). Rather, they seek to depose the *named plaintiff* regarding whether she can establish a "reasonable basis" for her claims that other employees are similarly situated to her. *See, e.g., Daugherty v. Encana Oil & Gas (USA), Inc.,* 838 F. Supp. 2d 1127, 1132 (D. Colo. 2009). As the parties have now conducted a Rule 26(f) conference and a scheduling order has been entered, the court sees no reason why this discovery should not be permitted—particularly where Plaintiff does not maintain that she will suffer any prejudice. *See* Fed. R. Civ P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . .")

The court also rejects Plaintiff's contention that allowing the two-stage deposition would alter the requirements of Fed. R. Civ. P. 30(d)(1). That Rule provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Here, pursuant to the parties' agreement, the Scheduling Order entered in this case permits Defendants to depose Plaintiff for a total of 9.5 hours. (Scheduling Order § 9(e), Doc. No. 22, filed July 31, 2012.) Thus, the court has ordered that the standard limitations of Rule 30(d)(1) will be exceeded in this case with respect to Plaintiff's deposition and that two days of testimony will be allowed.

Furthermore, contrary to Plaintiff's assertion, there is no requirement that a deposition in excess of a one-day, seven-hour deposition be taken on consecutive days. Rather, the court has "discretion to tailor discovery to the circumstance of the case at hand," *Rocha v. Twilleger,* 10-cv-00357-CMA-MEH, 2011 WL 4048789, at *2 n. 1 (D. Colo. Sept. 12, 2011), and has "great discretion in establishing the time and place of a deposition." *In re Standard Metals Corp.,* 817 F. 2d 625, 628 (10th Cir. 2008). The court finds that the bifurcation of Plaintiff's deposition into two parts is warranted in this case given the distinct line that can be drawn between Plaintiff's class-based and individual claims.

The court will not, however, allow Defendants to depose Plaintiff over the course of <u>more</u> than two days. The court notes that Defendants only seek to depose Plaintiff for two hours on FLSA collective action issues. If this course of action is followed, Defendants will still have 7.5 hours remaining, which would exceed Rule 30(d)(1)'s seven-hour limitation for a one-day deposition. As such, to the extent that Defendants do not require 2.5 hours to exhaust FLSA

collective action issues during the "preliminary" deposition, the court will not foreclose Defendants from inquiring into other issues for the remainder of the 2.5 hour period. However, in no event will Defendants be permitted to reserve time from the preliminary deposition in a manner that will subject Plaintiff to more than one additional, seven-hour deposition.[1]

Therefore, it is ORDERED that "Defendants' Motion for Leave to Take a Preliminary Deposition of Plaintiff Limited to FLSA Collective Action Issues" (Doc. No. 33) is GRANTED. Defendant may take a "preliminary" deposition of Plaintiff relating primarily to FLSA collective action issues and may conduct an additional one-day, seven-hour deposition of Plaintiff on her individual claims at a later date.

Dated this 3d day of October, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] Of course, Defendants are not required to exhaust the full 9.5 of deposition time allocated to them by the Scheduling Order. Thus, Defendants are certainly permitted to conduct a two-hour "preliminary" deposition limited to FLSA collective action issues, a seven-hour deposition relating to Plaintiff's individual claims at a later date, and forfeit the remaining half-hour of time allocated by the Scheduling Order.