IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01126–MSK–KMT

LEANNE SLOAN, individually and on behalf of others similarly situated,

    Plaintiff,

v.

AMERISTAR CASINOS, INC., and
AMERISTAR CASINO BLACK HAWK, INC.,

    Defendants.

## ORDER

This matter is before the court on consideration of the appropriate limitations date for advisement to putative class members as contained in the collective action Notice of Right to Join Lawsuit.  Plaintiff believes the statute of limitations and notice date should be based on the date that the Complaint in this case was filed, April 30, 2012.  Defendants assert the statute of limitations for opt-in putative class members begins on the date their consent to join the suit is filed and that applicable limitations dates should be calculated from that date.  Therefore, Defendants propose a notice deadline date based upon the date of this court's order certifying the collective class.

Title 29 U.S.C. § 256 of the Fair Labor Standards Act (FLSA) provides

> In determining when an action is commenced for the purposes of section 255 of this title, . . . it shall be considered to be commenced in the case of any individual claimant--
> > (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> > (b) if such written consent was not so filed or if his name did not so appear--*on the subsequent date on which such written consent is filed in the court* in which the action was commenced.

*Id.* (emphasis added).  Therefore the action was commenced with respect to Leanne Sloan on April 30, 2012.  However, the action will be commenced with respect to individual members of the opt-in class on the date that their written consent is filed in this court – a date which necessarily will fall beyond the date on which the collective action is conditionally certified by the court.  The FLSA's opt-in mechanism, then, necessarily presumes a lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff consents to join.  *See* § 256(b).

"[A]bsent an order from the court tolling the applicable statute of limitations period, the limitations period for each putative member of the class would be three years (assuming the allegation of a willful violation of the statute) prior to the date he or she opted into the action." *In re Bank of America Wage and Hour Emp't Litig.*, No. 10-MDL-2138, 2010 WL 4180530, *2 (D. Kan. Oct. 20, 2010).  *See* §§255(a), 256(b).  This "look-back" provision limits actionable violations to those occurring in the three-year period prior to the date a plaintiff opts in to the class.  *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, Case Ni, 06-0715 SC, 2007 WL 707475 (N.D. Cal. March 6, 2007).  Because commencement of an FLSA action does not toll the statute

of limitations, putative class members can be at risk of losing their claims before they are able to consent to join the lawsuit. To prevent this, a court may be willing, depending on the circumstances, to order the limitations period equitably tolled.

Equitable tolling is a doctrine that permits courts to extend statutes of limitations on a case-by-case basis in order to prevent inequity. *Stransky v. HealthONE of Denver, Inc.*, --- F. Supp. 2d ----, 2012 WL 2190843, at *1 -2  (D. Colo. June 14, 2012) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir.1998)) ("The propriety of equitable tolling must necessarily be determined on a case-by-case basis."). The equitable tolling doctrine is read into every federal statute, including the FLSA. *Id. See also United States v. $57,960.00 in U.S. Currency*, 58 F. Supp. 2d 660, 664 (D.S.C. 1999) (*citing Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)). Moreover, the decision to invoke equitable tolling in a particular case lies exclusively within the sound discretion of the trial court. *Id.*

Several courts in the Tenth Circuit have considered the application of equitable tolling to FLSA opt-in conditional class members, albeit not always for the same time period. *In re American Family Mutual Insurance Co. Overtime Pay Litigation*, Case No. 06-cv-17430-WYD-CBS, 2009 WL 248677, *4 (D. Colo. Feb. 3, 2009); *In re Bank of America Wage and Hour Emp't Litig.*, 2010 WL 4180530 at *2-3; *Stransky* at *1-2; *Johnson v. Academy Mortgage Company,* Case No. 2:12-cv-276 TS (D. Utah Sept. 6, 2012).

The issue of whether equitable tolling is appropriate is not before this court at this time. Further, although it is possible that the district court would consider equitable tolling for some potential opt-in class members, such consideration is not assured, nor can the period of tolling, if

any, be reliably predicted.  Therefore, this court finds that, for purposes of the Notice of Right to Join Lawsuit, the date relating to commencement of the action and concerning the "look back" period should be April 30, 2012, the day the action was filed by Plaintiff Sloan.  This date is the most inclusive date available insofar as it will provide the largest number of potential opt-in class members the opportunity to consider joining the lawsuit at this preliminary stage.

Defendants argue that utilizing this date is likely to cause a certain number of opt-in plaintiffs to sign consents to join the case when, without equitable tolling, their claims may be clearly barred by the statute of limitation prescribed by Section 256(b).  The danger argued by Defendants is that such unwary opt-ins could be subject to an award of costs against them should their particular claims be dismissed on limitations grounds.  While the court agrees with the logic of this portent, the court finds that it is a function of class counsel to cull such opt-ins from the group and appropriately advise their clients of the potential consequences should equitable tolling, if sought, not be granted by the court.  If the "look back" period is shortened to the extent argued by Defendants, such opt-in plaintiffs would not receive Notice and would thereby be deprived of the opportunity to even explore the potential of equitable tolling.

Therefore, it is **ORDERED**

The notice period provided in paragraph one and paragraph three of the Notice of Right to Join Lawsuit shall be "on or after **April 30, 2009**" and that the period applicable to a non-willful violation for purposes of the Notice of Right to Join Lawsuit shall be "on or after **April 30, 2010.**"

Dated this 8th day of November, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge