# AMERISTAR

November 14, 2012

James Heidtman
15 Longbow Court
St. Louis, MO 63114

    RE:  Lawsuit against Ameristar

Dear Mr. Heidtman,

    As a former Ameristar casino host, you will shortly get a letter and notice in the mail or by email from a Colorado law firm giving you information on how to join a lawsuit currently pending in Denver, Colorado. The lawsuit was filed by a former Ameristar Casino Black Hawk team member and casino host, Leanne Sloan, who was discharged in 2011 for job performance issues. She is suing Ameristar on a variety of claims, including alleged sex and age discrimination, as well as a claim under the federal Fair Labor Standards Act. The Fair Labor Standards Act governs many areas, but in this case the application refers to entitlement to overtime compensation.

    Leanne claims that the position of casino host has been misclassified at Ameristar as a salaried position exempt from overtime. Her lawsuit claims that the casino host job should be an hourly position, not a salaried position. As such, she seeks lost overtime to be paid in the lawsuit. We disagree with her position and the lawsuit.

    The case has been conditionally allowed to proceed as a class action, which gives you the right, as a former casino host, to join the lawsuit if you choose to do so. We were required by the court to provide Leanne's lawyer with the home addresses of former casino hosts, including you.

    I write to give you information on the pros and cons of joining the lawsuit so you can make an informed decision on whether it is in your best interests to get involved in this litigation. We obviously prefer that you not accept the invitation to sue Ameristar.

    There is the potential for you to make money as a result of the lawsuit if you choose to join it. This is addressed in the formal notice to be sent to your home. There is also the risk that you will lose money, which is also addressed in the notice. The notice points out that the loser of the lawsuit may be required by the court to pay the costs of the winner. In this case, those costs will be substantial. As one of the plaintiffs in this lawsuit, you could be required to pay those costs on a proportionate basis with Leanne and others who join the lawsuit if Ameristar wins.

    Perhaps one reason why Leanne wants others to join the lawsuit is to reduce the amount of her potential risk in having to reimburse Ameristar for the costs of defense if she loses.

The costs of defense are substantial because there is a lot at stake and Ameristar will vigorously defend the case. We intend to win. If the casino host position is determined to be hourly rather than salaried, this would significantly change the nature of the job at Ameristar properties and perhaps also on an industry-wide basis. We have therefore retained a team of industrial psychologists to perform a job analysis of the position, which is estimated to cost about $200,000.

It is Ameristar's position that casino hosts are properly classified as a salaried job for several reasons:

1) It is an important job that involves the exercise of judgment and discretion, which makes it a professional job paid with a salary and bonuses, not an hourly job that involves routine clerical tasks and punching a time clock.

2) Casino hosts are almost universally treated in the industry as salaried because the job requires flexible hours and involves judgment and discretion.

3) The casino host position is an important professional job that has a significant impact on casino operations and revenue.

4) The preliminary results of the job analysis by the industrial psychologists show that casino hosts are properly classified under federal law as salaried, not hourly.

The case will be lengthy and protracted. It will not go to trial for several years, probably not until 2014 or early in 2015.

In the meantime, if you join the case you will receive formal requests for documents and other information from Ameristar's lawyers, which you will be required to respond to under oath. You may also be required to travel to Denver to give formal pre-trial testimony under oath before a court reporter. You may also be required to travel to Denver again at your own expense to testify at trial.

If you join the lawsuit, there may also be a dispute over the amount of alleged overtime you claim to have worked beyond 40 hours a week. This will require testimony and documentation by both sides. It is a lot of work for both sides and is expected to be very time consuming.

While you may not have enough information to predict the probable outcome of the lawsuit, I ask that you consider the knowledge you have based upon your experience as a casino host. Do you really think that casino hosts do not use significant judgment and discretion? If they do, the position is legally classified as salaried, not hourly.

If you have questions and concerns that have not been addressed in this letter, please feel free to contact me or our lawyers. You may call or email Ed Mulholland, Ameristar's Vice President of Legal Affairs at (702) 567-7068, ed.mulholland@ameristar.com. Or contact our lead outside lawyer who is handling the case, Preston Oade, at (303) 866-0453, preston.oade@bryancave.com. Either would be happy to discuss this matter with you and answer your questions and concerns. They cannot, however, ethically talk to you once you decide to join the lawsuit.

Thank you for your service with Ameristar and for your time and attention to this matter.

Sincerely,

Larry Hodges,
Ameristar Casinos, Inc.
President and COO