**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

| | |
|---|---|
| **Civil Action No.** 12-cv-01126-MSK-KMT | FTR - Courtroom C-201 |
| **Date:** February 26, 2013 | Deputy Clerk, Nick Richards |

| | |
|---|---|
| LEANNE SLOAN, individually and on behalf of others similarly situated, | Chad Michael Lieberman<br>David Brian Seserman<br>Juli Elizabeth Lapin |
| Plaintiff, | Theresa Lynne Corrada |
| v. | |
| AMERISTAR CASINOS, INC., and<br>AMERISTAR CASINO BLACK HAWK, INC., | K. Preston Oade, Jr.<br>Stephen D. Rynerson |
| Defendants. | |

**COURTROOM MINUTES / MINUTE ORDER**

**MOTION HEARING**
**Court in session: 1:59 p.m.**
Court calls case. Appearances of counsel.

Motion Hearing is called regarding Plaintiff's Motion for Sanctions Against Defendants for Coercions of Putative Collective Action Members [Doc. No. 60, filed December 14, 2012].

2:02 p.m. Direct Examination of Larry Hodges.
2:29 p.m. The Court questions Mr. Hodges.
2:33 p.m. Cross-Examination of Mr. Hodges.
2:49 p.m. Re-Direct of Mr. Hodges.

Oral argument from Defendants.
Oral arguments from Plaintiff.

It is **ORDERED**: Plaintiff's Motion for Sanctions [60] is **GRANTED IN PART** as stated on the record.

        The court finds the letter from Ameristar Casinos attached to Plaintiff's motion [Doc. No. 60-1, filed December 14, 2012] is misleading, coercive, and was a blatant attempt to undermine the purposes of a collective action.

The Court finds Ameristar and counsel intentionally attempted to undermine the court-approved notice and intentionally intended to frighten and dissuade former employee putative class members from joining the class. Therefore,

it is **ORDERED**: Ameristar shall immediately disclose to the Court and to Plaintiff's counsel the rest of any and all oral or written communications to putative class members directly or through third-parties, including both current and former employees, regarding this lawsuit on or before March 12, 2013.

The Court shall issue a written order in this case which, among other things, will inform the putative class members of the court's position on the conduct of Defendants in sending this coercive letter and the sanctions imposed herewith. A letter of apology - to be drafted by Plaintiff's counsel, approved by the court, and sent with the court's written order - will be sent on Ameristar letterhead and signed by Mr. Larry Hodges to each recipient of the letter found at document 60-1, together with a copy of the court's written order. The letter will specifically address all of the mis-statements made in the previous letter as discussed in this hearing, including but not limited to the potential class member being extremely unlikely to be subjected to substantial discovery in the case and having to travel to Denver, Colorado for a deposition at their own cost; any travel to Denver requested would not be at the class member's expense. The letter will specifically state that Ameristar will not take any action, directly or indirectly, against any person who chooses to join the class, and any inference that Ameristar would discourage parties to join this action is specifically rejected. The court will allow Defendant to file objections to the contents of the letter.

A corrective notice will be drafted by Plaintiff's counsel and approved by the court. The notice shall then be sent to all putative class members. To the extent it has not already done so, Defendants are ordered to provide any and all contact information for all putative class members in their possession or control to Plaintiff, including mailing addresses, e-mail addresses, and phone numbers. The corrective notice will be sent to all putative class members without regard to whether they received Doc. No. 60-1. Both mailings, first with the letter of apology and the court's order as well as the second mailing of the corrective notice to the entire putative class will be done at the expense of Defendants, however the physical mailings will be accomplished by Plaintiff.

The opt-in period is extended by an additional 45 days after the

corrective notice is sent.

A draft of the apology letter and the corrected notice will be submitted to the Court on or before March 12, 2013. Defendant may object to those documents on or before March 26, 2013.

This Court will consider, either upon order or recommendation at the instance of the District Court, allowing putative class members to opt-in to the class post-trial as a further sanction for Defendant's deliberate and wrongful behavior.

It is **ORDERED**: Communications by the Defendants to putative class members no longer employed by Ameristar was deceitful and designed to thwart the proper functioning of this lawsuit, which it accomplished. Defendants and their representatives are therefore enjoined from having any ex parte communications with any absent class members, employees or non-employees, regarding this action until the end of this litigation. This restriction pertains <u>only</u> to communications regarding this litigation and will not interfere with the proper functioning of Ameristar, the casino hosts, and their job functions.

It is proper to award Plaintiff's counsel costs and fees incurred in uncovering, proving, and applying for relief for improper communications with class members. Therefore, Defendants are ordered to reimburse Plaintiff's counsel for all costs and reasonable attorney fees in the following manner:

> - Fees Plaintiff incurred in bringing this motion, including responses and any investigation required, and attending this hearing.
>
> - Any fees incurred on preparing the corrective notice and the letter of apology as ordered by the Court.
>
> - All costs and reasonable attorney fees in appearing at the November 7, 2012 hearing to consider and argue the contents of the court-approved notice since it was Defendants' intent at the time to send the letter to former employee's in an attempt to circumvent the notice.

Costs/attorney fees are NOT awarded for Plaintiff's preparation of the original class notice. This work was appropriately required of the Plaintiff prior to the wrongful conduct of Defendant.

|   |   |
|---|---|
|   | Plaintiff's shall file their calculation of costs and reasonable fees of the three items above on or before April 1, 2013. Defendants may file any objection to the calculation of costs and fees on or before April 8, 2013. Payment in full shall be made to Plaintiff's counsel within ten business days of any ruling made on fees. Failure to remit the full payment on this sanction within the allotted time period will be grounds for certified contempt to the District Court. |
| It is **ORDERED**: | Defendants shall pay into the Court Registry a sum of $480,000, which represents $10,000 for each of the 48 putative class members who Defendants tried to, and universally succeeded in, wrongfully coercing to not join the class. The sum shall remain in an interest bearing account pursuant to D.C.COLO.LCivR 67.2(B) pending the outcome of the litigation. In the event of a Plaintiff victory, the money will be released to the Plaintiff. In the event of a Defendant victory, the sum will be released first as applied to any properly awarded costs.  Any money remaining in the Court Registry not allocated to the Defendant as an awarded cost will be returned to Defendant as the prevailing party. The court imposes this special sanction to insure that class members will not be likely to be assessed any costs since one of the primary scare tactics employed by Defendant in its improper letter was that the plaintiff class could become responsible for $200,000 or more payable to Ameristar if they lost the case. Defendant shall deposit $480,000 in the Court Registry on or before March 28, 2013.

Defendant is advised regarding the timing and ability to file objections to this Order and is further advised that the mere filing of an objection, without a stay granted by either this court or the District Court, does not vacate or suspend the Order or justify Defendant's failure to comply with the sanctions. |
| It is **ORDERED**: | The Court **denies** Plaintiff's request that Defendant be forbidden to claim or otherwise obtain lawful costs associated with a victory in this litigation other than as stated herein.  Lawfully awarded costs which exceed the total sum of $480,000 held in the Court Registry could still become the responsibility of the plaintiff class in the event the Defendant prevails at trial. The request for immediate disclosure of Defendants' purported industrial psychologist is moot, as Defendant previously disclosed that information. |

**Court in Recess: 4:07 p.m.**
Hearing concluded.
Total In-Court Time     02:08
*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.