IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01126–MSK–KMT

LEANNE SLOAN, individually and on behalf of others similarly situated,

    Plaintiff,

v.

AMERISTAR CASINOS, INC., and
AMERISTAR CASINO BLACK HAWK, INC.,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Motion to Magistrate Judge Seeking Stay of Minute Order of February 26, 2013" [Doc. No. 72] filed March 12, 2013.

On February 26, 2013, this court considered argument regarding "Plaintiff's Motion for Sanctions Against Defendants for Coercion of Putative Collective Action Members" [Doc. No. 60] which had been fully briefed by the parties. (See Minutes, February 26, 2013 [Doc. No. 68] ["Minutes"].) At the heart of the controversy was a letter that had been sent by the COO of Ameristar, Larry Hodges, to putative class members who were former employees of Defendants. The court issued an oral ruling[1] granting the Plaintiff's motion and finding that the letter from Mr. Hodges was misleading, coercive and was a blatant attempt to undermine the purposes of a

---

[1] The transcript of the hearing has been filed as Doc. No. 75.

collective action and to undermine the Notice approved by the court. Further the court found that Defendants intentionally intended to frighten and dissuade former employee putative class members from joining the class. (Minutes at 2-3.) This court imposed a number of sanctions against Defendants including that putative class members who received the offending letter would receive a letter of apology from Mr. Hodges and that a corrective notice be sent to all putative class members extending the opt-in period by 45 days after the corrective notice is sent. The court also imposed a monetary penalty against Defendants designed to lessen the potential that any class member would be responsible for Defendants' costs if Defendants should prevail in the litigation.

"Defendants' Fed. R. Civ. P. 72(b) Objections to Magistrate Judge's Order of February 26, 2013" [Doc. No. 70] was filed on March 12, 2013. Defendants' present motion seeks to stay the court's order imposing sanctions, pursuant to D.C.COLO.LCivR 30.2A , until Chief Judge Marcia S. Krieger rules on these objections.

The power to stay proceedings, especially as to ramifications of its own orders, is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL

894955, at *2 (D. Colo. March 30, 2006) (unpublished). Fed. R. Civ. P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

*Id.* This court, when considering a stay, particularly one directed at discovery, may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* (quoting *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished)).

Obviously, the court disagrees with the objections of Defendants. At this point in the case there are <u>zero</u> opt-in plaintiffs, even considering that a number of the former employees who received Mr. Hodges' letter were fired by Ameristar. At least that portion of the putative class who received Mr. Hodges' letter were misinformed about the case, the plaintiff, the plaintiff's motives, the law and about any negative monetary ramifications of the case on opt-in plaintiffs. Since the court's sanctions include further communications to the putative class, it is imperative that all the putative class members receive <u>correct</u> information moving forward. Therefore, it is in the best interests of not only the current parties, but of the putative class members as well, that the matters upon which this court ruled in its February 26, 2013 Order, are resolved with finality before any further communications with the class are made. A delay in the

imposition of the sanctions, with one exception, will not prejudice Plaintiff unduly since Mr. Hodges' letter has destroyed the class absent further action by the court. Any stay, however, must be imposed on the case as a whole, not just on the imposition of sanctions, since it is this court's finding that until a corrective notice, at least, is sent to the putative class, the case is stalled. The delay caused by a stay will impact the public to some extent because Defendants maintain that its allegedly wrongful way of compensating casino hosts is the standard in the nation. Thus, if Defendants are found to be in violation of the FLSA, such a ruling could have wide affect on the casino industry. However, given the importance of future communications with the putative class being correct, this consideration outweighs any negative impact on the court and the public interest.

Given the conduct of Defendants in sending the offending letter, however, this court will **not** stay its Order with respect to the following

> Defendants and their representatives are therefore enjoined from having any *ex parte* communications with any absent class members, employees or non-employees, regarding this action until the end of this litigation. This restriction pertains only to communications regarding this litigation and will not interfere with the proper functioning of Ameristar, the casino hosts, and their job functions.

(Minutes at 3.) This court found, "[c]ommunications by the Defendants to putative class members no longer employed by Ameristar was deceitful and designed to thwart the proper functioning of this lawsuit, which it accomplished." *Id*. This showing having been made, pursuant to *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100-101 (1981), it is proper and appropriate to

limit communications between Defendants and putative class members to avoid further potential for abuse.

It is therefore **ORDERED**

"Defendants' Motion to Magistrate Judge Seeking Stay of Minute Order of February 26, 2013" [Doc. No. 72] is **GRANTED** in part and **DENIED** in part as follows:

1. The request for stay is **DENIED** as to the portion of this court's February 26, 2013 Order prohibiting Defendants and their representatives from communicating with any putative class member about this litigation until the end of the case. The Defendants shall remain bound by this provision of the February 26, 2013 Order unless a contrary order is issued by Chief District Judge Marcia S. Krieger;

2. The request for stay is **GRANTED** as to all other issues and sanctions imposed by this court's February 26, 2013 Order;

3. All discovery in the case is **STAYED** and all deadlines are hereby **VACATED** until a ruling on "Defendants' Fed. R. Civ. P. 72(b) Objections to Magistrate Judge's Order of February 26, 2013" [Doc. No. 70] is rendered by Chief District Court Judge Marcia S. Krieger.

It is further **ORDERED**

The parties shall file a status report within five business days of a ruling by Judge Krieger on "Defendants' Fed. R. Civ. P. 72(b) Objections to Magistrate Judge's Order of February 26, 2013" addressing the need for further scheduling. The parties shall propose mutually agreeable

dates and times for the court to conduct a continued Scheduling Conference/Status Conference

no later than 30 days subsequent to Judge Krieger's ruling.

Dated this 18th day of March, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge