IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12-cv-01126-RM-KMT
LEANNE SLOAN, individually and on behalf of others similarly situated,
     Plaintiff,
v.
AMERISTAR CASINOS, INC., and
AMERISTAR CASINO BLACK HAWK, INC.,
     Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiff's Motion for Reconsideration of Order Denying Motion to Compel and Motion for Additional Sanctions" [Doc. No. 108], filed October 15, 2013.   Defendants filed their Response [Doc. No. 114] on November 8, 2013.

Plaintiff challenges the Court's Order dated October 8, 2013 [Doc. No. 103] ("October 8 Order") denying Plaintiff's Motion to Compel [Doc. No. 84], contending it contains clear error that must be revisited to prevent manifest injustice, invoking *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (In the context of a Rule 59(e) motion to reconsider a judgment, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").

In the October 8 Order, this court acknowledged Defendants' improper behavior directed at *currently* employed putative class members during the period shortly before and shortly after mailing of the class-wide, court-approved notice of the suit and opportunity to join.   Similar intimidating behavior by Defendants directed at *former* employees was the subject of this court's

1

previous order imposing significant sanctions [Doc. No. 68] ("First Sanction Order").   That order

is the subject of a pending objection to the District Court pursuant to Fed. R. Civ. P. 72(b).   [Doc.

No. 70.]

As part of the First Sanction Order, this court required that Defendants disclose all their

oral and written communications with currently employed putative class members about this case.

This sanction provision was not intended as an open-ended invitation to request further sanctions

as argued by Plaintiff, but rather was designed to obtain full disclosure of all wrongful conduct so

that effective counterbalancing measures could be crafted by the court as part of the new notice

and other communications to be sent to all putative class members when the collective action

proceeds.

As to Defendants' conduct toward current employees as described by Defendants in their

court-ordered production, this court stated in the October 8 Order

> Altogether, although the Court reiterates that it finds the conduct engaged in by
> Defendants to have been deceitful, underhanded and designed specifically to thwart
> the proper functioning of the judicial system, there is no useful purpose to piling on
> additional sanctions for behavior that is part of a continuous pattern and which has
> previously been the subject of a sanction order. This court concludes that the
> interests of justice would best be served by allowing District Court Judge Raymond
> P. Moore to review the defendants' behavior on the record as a whole and decide
> whether or not the sanctions already imposed by this court are justified, legally
> permissible and reasonable upon his review of the objections on file.

*Id*. at 5.   Important to this finding is that, although only discovered subsequent to the entry of the

First Sanction Order, Defendants' wrongful conduct was directed toward current employees

during the same time period Defendants were found to be wrongfully intimidating their former

employees.   Defendants' transparent goal with respect to both current and former employees was

to thwart the judicial process and deter the employees from joining the action.

Plaintiff alleges that the October 8 Order was in error because Defendants' actions directed at the former employee putative class members differed from the actions directed at current employees, to wit: the threats and intimidation directed at current employees involved "repeated face-to-face intimidation," whereas the threats and intimidation directed at the former employees was through a letter.   Additionally, Plaintiff argues that because monetary sanctions in the First Sanction Order were based on the number of former employee victims, the total amount of the monetary sanction should have been expanded commensurate with the total number of victims, including the current employees, in order to be consistent.   Finally, Plaintiff complains that it is unjust to deny additional sanctions "despite uncovering misconduct that *occurred in a more coercive manner and more than doubles* the scope of the damage done."   (Mot. at 3, emphasis in original.)

While the court is sympathetic to Plaintiff's outrage, the argument that the scope of the damage done *to Plaintiff* has significantly increased from that apparent at the time the First Sanction Order was entered is simply incorrect.   The court acknowledged on February 26, 2013, that the Defendants had effectively crushed Plaintiff's potential class action by their wrongful behavior resulting in zero opt-in members from either former or current employees.   Even absent evidence of coercion by a defending company in an FLSA case, former employees are more likely to join in a wage-based collective action than those employees still working for the defendant due to their perception that joining in a legal action against their employer might cast them in an unfavorable light and jeopardize their continued employment.[1]   *See, e.g., Alamo Foundation v.*

---

[1] Of course, the FLSA prohibits such conduct:   "[I]t shall be unlawful for any person . . . (3) to discharge or in any other manner discriminate against any employee because such employee has

*Secretary of Labor*, 471 U.S. 290, 302 (1985) ("employers might be able to use superior bargaining power to coerce employees to make [assertions negating the Plaintiff's allegations] or to waive their protections under the [FLSA].")   It was important to this court's consideration in the First Sanction Order, therefore, that not even one of the former employees, including some who had been fired by the Defendants and therefore could be expected to be disgruntled, had opted into the collective.   Further, Defendants' claim that the failure to join the collective by current employees is a result of the employees' own evaluation of their worth (Resp. at 13) does not change the fact that no employee joined the collective action after Defendants' forced meetings about the case.   *See Reab v. Electronic Arts, Inc*., 214 F.R.D. 623, 629 (D. Colo. 2002) ("Plaintiffs' subjective belief as to their status under the FLSA is irrelevant to the question whether to conditionally certify a class.")   Ultimately the damage to Plaintiff now is the same as it was at the time of the First Sanction Order – Plaintiff has been foreclosed completely from pursuing her class-action claim.

As noted by Defendants, no litigant is necessarily entitled to additional sanctions under these circumstances.   *See, e.g., Stransky v. HealthONE of Denver, Inc*., 929 F.Supp.2d 1100, 1109 (D. Colo. 2013).   The court, in its First Sanction Order, tailored the sanctions it imposed to achieve specifically-delineated results in remediation of the wrongful conduct of Defendants. The court continues to feel that the sanctions contained in the First Sanction Order are appropriate and sufficient to:   deter the conduct engaged in by Defendants against all its employees, both former and current; inspire hope that the case can be put back on its proper judicial track by a

---

filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ."   29 U.S.C. § 215(a)(3)

newly-crafted notice to all putative class members; and impose sanctions sufficient to warn others that behavior such as that engaged in by Defendants may have serious consequences, thereby deterring similar conduct by other litigants in the future. [2]

The court does not agree that its two orders are inconsistent on any basis, or that the October 8 Order is unjust.   Given that any award of sanctions is discretionary, the Plaintiff has failed to establish clear error or manifest injustice entitling it to reconsideration of the October 8 Order.

It is therefore

**ORDERED** that "Plaintiff's Motion for Reconsideration of Order Denying Motion to Compel and Motion for Additional Sanctions" [Doc. No. 108] is **DENIED**.

Dated this 19th day of November, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

---

[2]  The court found in the First Sanction Order that, having been advised by its counsel that the sanctions for willful interference with the court process during an FLSA case were negligible, Defendants made a business decision that it was worth the risk of receiving a "slap on the hand" from the court if they could annihilate Plaintiff's possibility of gathering class members in the first instance, rather than incur the costs of defending the case on the merits.