IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01126–MSK–RM

LEANNE SLOAN, individually and on behalf of others similarly situated,

      Plaintiff,

v.

AMERISTAR CASINOS, INC., and
AMERISTAR CASINO BLACK HAWK, INC.,

      Defendants.

---

# ORDER

---

      This matter is before the court on "Defendants' Unopposed Motion for Leave to Amend Answer to Amended Complaint."   (Doc. No. 130, filed Mar. 3, 2014.)   Defendant seeks leave to file an Amended Answer (*see* Doc. No. 130-1) that clarifies its allegations and defenses, and raises issues of jurisdiction and standing.   For the following reasons, Defendants' Motion is GRANTED.

      Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."   *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).   The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

On January 17, 2014, the court entered an Amended Scheduling Order establishing a March 3, 2014 deadline for joinder of parties and amendment of pleadings as to Plaintiff's individual claims.   (Doc. No. 123 at 4.)   Defendants' Motion to Amend was filed on that deadline.   Therefore, Defendants' Motion is timely.

Defendants' Motion indicates that its attorney spoke with Plaintiff's counsel, who represented that Plaintiff did not oppose the filing of an Amended Answer.   (Mot. at 4.)   In light of Plaintiff's non-opposition, the court directed Plaintiff to file a response to Defendants' Motion advising whether she consented to the filing of Defendants' Amended Answer, pursuant to Rule 15(a)(2).   (Minute Order, Doc. No. 133, filed Mar. 4, 2014.)   *See also* Fed. R. Civ. P. 15(a)(2) (providing that a party may amend its pleading with the opposing "party's written consent").

Plaintiff's Response was filed on March 10, 2014.   (Doc. No. 134.)   However, Plaintiff has failed to comply with the court's March 4, 2014 Minute Order.   Namely, Plaintiff has not advised the court whether she consents to the filing of Defendants' Amended Answer.   Instead, Plaintiff has responded as follows:

The proposed Amended Answer states that Pinnacle Entertainment, Inc. is the corporate successor to Ameristar Casinos, Inc., yet Defendants have failed to add or substitute Pinnacle Entertainment, Inc. as a Defendant.   It appears that Pinnacle Entertainment, Inc. is an indispensable party.   Defendant should be required to add Pinnacle Entertainment, Inc. as a Defendant.   Alternatively, the Court should

permit Plaintiff to file a Second Amended Complaint to add Pinnacle
Entertainment, Inc. as a defendant.

(*Id.*)

The court does not construe Plaintiff's Response to oppose the filing of Defendants'

Amended Answer.   Indeed, Plaintiff does not argue that Defendants' proposed amendments are

unduly delayed or prejudicial, submitted in bad faith, or futile.

Otherwise, the court rejects Plaintiff's suggestion that Defendants be required to add

Pinnacle Entertainment as a defendant.   There is no authority for a defendant to add another party

as a defendant.   Rather, Plaintiff alone has the ability to add Pinnacle Entertainment as a

defendant to this action, by way of an amendment to its pleading.   The court also rejects

Plaintiff's request for permission to file a Second Amended Complaint that adds Pinnacle

Entertainment as a defendant, as it violates Local Rule 7.1(d).   *See* D.C.COLO.LCivR 7.1(d) ("A

motion shall not be included in a response or reply to the original motion.   A motion shall be made

in a separate document.")

Therefore, for the foregoing reasons, it is

ORDERED that "Defendants' Unopposed Motion for Leave to Amend Answer to

Amended Complaint" (Doc. No. 130) is GRANTED.   Defendants shall file an Amended Answer,

omitting any and all redlining, no later than March 18, 2014.

Dated this March 13, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

3