IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-CV-01126-RM-KMT

---

**LEANNE SLOAN**, individually and on behalf of others similarly situated,

    Plaintiff,

v.

**AMERISTAR CASINOS, INC.**, and **AMERISTAR CASINO BLACK HAWK, INC.**,

    Defendants.

---

## PETITION FOR JUDGMENT ON AWARD OF ATTORNEYS' FEES AND COSTS

---

Plaintiff, Leanne Sloan, individually and on behalf of the putative class members, by and through undersigned counsel submits the attached affidavits of attorneys' fees and costs of David B. Seserman and Juli E. Lapin.

On February 26, 2013, Magistrate Judge Tafoya entered an Order imposing sanctions against the Defendants. On March 12, 2013 [Doc. 70], the Defendants filed a pleading objecting to some of the sanctions ordered. A short time later, on March 28, 2013 [Doc. 78] the Defendants appealed the Order imposing sanctions to the Tenth Circuit Court of Appeals. Only some of the sanctions imposed were objected to. The rest of the sanctions imposed were neither objected to nor appealed. On June 17, 2013, the Tenth Circuit dismissed the appeal, ruling that it did not have jurisdiction to consider the appeal of a Magistrate Judge's Order. While the matter was before the Tenth Circuit, this case was re-assigned to newly appointed Judge Moore. To date, Judge Moore has not ruled on the objections to the sanctions order.

Among those sanctions Defendants neither objected to nor appealed was the Magistrate Judge's award of costs and attorneys' fees. While the scope of work for which attorneys' fees was awarded has

not been completed (by way of example, fees that will be incurred in a corrective notice or hearings and further briefings regarding the sanctionable conduct), the case has reached a juncture where an award of attorneys' fees and costs is appropriate through the date in which the Court, in the case of Brosseau Bartlett Seserman, was informed that the Plaintiff and putative class members would not object to the Magistrate Judge's last Order relating to the sanctionable conduct and, in the case of Lapin | Lapin, the date the Response to the Defendant's Supplemental Objection to Sanctions was filed.

Pursuant to the February 26, 2013 Sanctions Order, "Defendants are ordered to reimburse Plaintiff's counsel for all costs and reasonable attorney fees ... incurred in uncovering, proving, and applying for relief for improper communications with class members." The attached affidavits identify such attorneys' fees and costs of Brosseau Bartlett Seserman, LLC (Attachment 1) and Lapin | Lapin, P.C (Attachment 2). With the expectation that things would progress promptly after the hearing and so that counsel would not have to file supplemental attorneys' fees affidavits (*see* transcript p. 90), the February 26 Order directed Plaintiff's counsel to submit a fee affidavit by April 1, 2013. However, matters did not progress promptly. Rather, on March 12, 2013 [Doc. 72], the Defendants moved to stay the imposition of the Sanctions Order. On March 18, 2013 [Doc. 77], Magistrate Judge Tafoya entered an Order staying the majority of the case. And, as noted, the Defendants both objected to portions of the Magistrate Judge's Order and filed an appeal with the Tenth Circuit. As noted in the attached affidavits, these tactics necessitated that essentially all of the attorneys' fees and costs incurred by the undersigned during the subsequent year were directly related to applying for relief for the improper communications with class members and defending the sanctions awarded.

Although counsel believe that they have been extremely efficient in the prosecution of this case and that collaborative efforts among co-counsel have actually increased efficiency and resulted in more effective and efficient effort in prosecuting this case, the fees requested are

reduced by 10% of the total to account for any inefficiencies and/or duplication of effort.

Accordingly, Ms. Sloan and the putative class members are requesting that they be awarded $136,169 as reasonable attorneys' fees ($151,299 less 10%) and $186.00 in costs.

DATED this 17th day of June, 2014.

Respectfully submitted,

s/David B. Seserman
David B. Seserman
Chad M. Lieberman
Brosseau Bartlett Seserman, LLC
6455 S. Yosemite Street, Suite 750
Greenwood Village, CO 80111
Telephone: 303-812-1200
dseserman@bbs-legal.com
clieberman@bbs-legal.com

s/ Juli E. Lapin
Theresa L. Corrada
Juli E. Lapin
Lapin | Lapin, P.C.
1775 Sherman Street, Suite 1445
Denver, CO 80203
Telephone: 303-320-4162
tcorrada@lawlapin.com
juli@lawlapin.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 17th day of June, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Meghan W. Martinez
Ann E. Christoff
Martinez Law Group, P.C.
720 South Colorado Boulevard, Suite 530-S
Denver, Colorado 80246

*Michelle Baiucca*